# 𝔖taunton

HATTON, BROWN AND COMPANY, INC., ET AL. V. J. H.
HOLBROOK.

September 22, 1932.

Present, All the Justices.

The opinion states the case.

*H. M. Bandy,* for the plaintiffs in error.

*D. F. Kennedy,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

This case brings under review an award of the Industrial Commission. Hatton, Brown and Company, Inc., was the employer, the Metropolitan Casualty Insurance Company was the insurance carrier, and J. H. Holbrook was the original claimant before the Commission.

This finding of facts made by it is not questioned:

"On October 20, 1926, J. H. Holbrook met with an accident which arose out of and in the course of his employment with Hatton, Brown and Company. The injuries were described as 'cuts on head, bruises on shoulders, back and arm. Bruise on left leg and fracture of bone.' On November 22, 1926, memorandum of agreement was entered into allowing compensation at $12.00 per week during the period of total disability. The said agreement was approved by the Commission. By an award dated April 29, 1927, the employee was to receive $12.00 per week from October 21, 1926, to January 13, 1927, covering temporary total disability, and $6.00 per week from January 13, 1927, to March 29, 1927, covering partial disability. This award was paid and final receipt was taken. On February 3, 1931, claimant filed another application for hearing alleging that he had disability which totally incapacitated him. On May 4, 1931, this Commission entered an award for $12.00 per week, beginning February 9, 1931, to continue for the remainder of the period of 375 weeks from date of the accident unless subsequent conditions required a modification."

Not only are the facts stated not questioned but these awards are not challenged. From injuries suffered claimant died on May 14, 1931. Thereafter his widow, Alverdia Holbrook, on behalf of herself and dependent children, asked that an award be made based on her husband's death. Her application was heard in due course. Notice of the Commission's finding bears date August 31, 1931. It directed payment of compensation as follows:

"$12.00 per week beginning with the date of the last payment made claimant prior to his death, to continue for the remainder of the period of three hundred (300) weeks from date of accident, and cost of burial expense not to exceed the sum of one hundred ($100.00) dollars."

Complaint is made of this judgment. It is said: "That claimant's widow and children are not entitled to any greater amount of compensation than would have the claimant received under the above award, had he lived. Yet, at the hearing held on July 9, 1931, following the death of the claimant, the Commission made the following award:"

That award has been next above copied.

If by this petitioners mean to say that they would have to pay under the order of August 31, 1931, more than they would have had to pay under the order of May 4, 1931, had Holbrook lived out the period in total disability for which compensation was allowed, then they are plainly mistaken. If they mean to say that his death ended the right to recover at all, and that his widow and dependent children can take nothing after that event, then they are also in error.

Section 30 of the workmen's compensation law (Acts 1918, c. 400, §30, as amended by Acts 1930, c. 54) has to do with total incapacity and provides that "in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed fifty-six hundred dollars." Section 31 (as amended by Acts 1930, c. 54) deals with partial disability and permits compensation for 300 weeks from the date of the injury, while section 39 (as amended by Acts 1930, c. 54) reads in part as follows:

"If death results from the accident within six years, the employer shall pay or cause to be paid, subject, however, to the provisions of the other sections of this act, in one of the methods hereinafter provided, to the dependent of the employee wholly dependent upon his earnings for support at the time of accident a weekly payment equal to fifty-five

per centum of his average weekly wages, but not more than fourteen dollars nor less than six dollars a week for a period of three hundred weeks, but in no case to exceed five thousand dollars, from the date of the injury and burial expenses not exceeding one hundred and fifty dollars. If the employee leave dependents only partly dependent upon his earnings for support at the time of the injury, the weekly compensation to be paid as aforesaid, shall equal the same proportion of the weekly payments for the benefit of persons wholly dependent, as the extent of partial dependency bears to total dependency. When weekly payments have been made to an injured employee before his death the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than three hundred weeks from the date of the injury."

Here payments were made to the claimant. The statute declares in terms that in such circumstances compensation to dependents after death shall begin from the date of the last payment to the claimant himself, and to continue for not more than 300 weeks from the date of the injury. The Commission's judgment was in exact accordance with these provisions. Weekly payments were "to continue for the remainder of the period of three hundred weeks from the date of the accident." There is no overlapping. Payment to the dependents commenced where it should have commenced—where payment to the claimant left off.

Next it is said that the Commission erred in the distribution of its allowances and that some provision should have been made for claimant's two youngest children.

This assignment of error reads:

"The Commission, in our humble judgment, also erred in the distribution of the award. It will be noted on page 92 of this evidence, that on the death of the claimant, he was survived by the following: Alverdia Holbrook, wife; Alvie Holbrook, daughter; Richard Holbrook, son; Delmar Holbrook, son; Orfie Holbrook, daughter; Larine Holbrook, daughter; Lois Holbrook, daughter, and Jeanette Holbrook,

daughter. The Commission has seen fit to deny the last two named children, to-wit: Larine Holbrook, daughter, aged two years and Jeanette Holbrook, daughter, aged four months, any compensation payment, as will be noted on page 94 in typed transcript of the record in this case."

On July 9, 1931, Larine was two years old and Jeanette, four months old. As we have seen section 39 of the workmen's compensation law declares that dependents who take are those who are "wholly dependent upon his (the employee's) earnings for support at the time of the accident." Of course, these children, born long afterwards, were not dependent upon their father at the time of his accident.

There is no error in the Commission's award and it is affirmed.

*Affirmed.*